UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30091
Summary Calendar

PAUL N. DEBAILLON, TRUSTEE OF THE BANKRUPT ESTATE OF
JACK WADE DRILLING INCORPORATED

Plaintiff-Appellee-Cross-Appellant,

versus

TOTAL MINATOME CORPORATION

Defendant-Appellant-Cross-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-1454)
May 5, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This appeal requires us to review the district court's refusal to grant attorneys' fees to the appellant. Because the court applied an erroneous legal standard, we vacate the order and remand the issue for reconsideration.

BACKGROUND

Appellant Total Minatome Corporation ("Total") entered into a turnkey drilling contract with Jack Wade Drilling Incorporated ("Wade") whereby Wade agreed to drill an oil well for Total. The underlying dispute in this litigation, which is not part of this appeal, is whether Wade fully performed under the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except for the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contract.  Wade contends that it fully performed by drilling to the contractually specified depth, but Total argues that Wade did not drill to the specified depth and instead abandoned the well before completing the drill.  Because Total never paid Wade for its services, Paul Debaillon, Wade's trustee in bankruptcy,[1] **sued Total for breach of contract, negligence, and fraud.  Total counterclaimed, alleging primarily that Wade breached the drilling contract, and additionally countered for fraudulent misrepresentation and breach of indemnity obligations.**

**Each of the parties' claims and counterclaims was rejected: The court dismissed several of the claims and the jury rejected those that remained.  In spite of a take nothing verdict, the parties, pursuant to the drilling contract,[2] requested that they be awarded attorneys' fees.  The district court rejected their request because it found that neither party was a "prevailing party."  Total appeals the court's decision.**

### DISCUSSION

"We review an award of attorneys' fees under an abuse of discretion standard."  <u>Hondo Oil and Gas Co. v. Texas Crude Operator, Inc.</u>, 970 F.2d 1433, 1441 (5th Cir. 1992).  A district

---

[1]Soon after allegedly completing the well, Wade filed for Chapter 7 bankruptcy.

[2]The Turnkey Drilling Contract states:

5.4  **Attorney Fees**:  In the event of a suit to enforce this agreement or otherwise relating to the rights and obligations of the parties under this agreement, in addition to any other rights and remedies to which the prevailing party shall be entitled such party shall be entitled to recover reasonable attorneys' fees, expenses, and court costs.

court abuses its discretion if its decision rests on an erroneous view of the law.  See Esmark Apparel, Inc. v. James, 10 F.3d 1156, 1163 (5th Cir. 1994).

Although Texas law does not generally permit an award of attorneys' fees, the district court may grant them if, as in this case, a contract provides for such.  See New Amsterdam Cas. Co. v. Texas Indus., Inc., 414 S.W.2d 914, 915 (Tex. 1967); City of Garland v. Booth, 895 S.W.2d 766, 771 (Tex. App.--Dallas 1995, writ denied).  Total argues that it is the "prevailing party" and is entitled to fees because the drilling contract provides that the "prevailing party . . . shall be entitled to recover reasonable attorneys' fees."

Under Texas law, a "prevailing party" is one who "successfully prosecutes the action or successfully defends against the action on the main issue."  Weng Enter., Inc. v. Embassy World Travel, Inc., 837 S.W.2d 217, 222-23 (Tex. App.--Houston [1st Dist.] 1992, no writ); see also Emery Air Freight Corp. v. General Transp. Sys., Inc., 933 S.W.2d 312, 316 (Tex. App.--Houston [14th Dist.] 1996, no writ); Criton Corp. v. Highlands Ins. Co., 809 S.W.2d 355 (Tex App.--Houston [14th Dist.] 1991, writ denied).  The district court, however, did not apply this legal standard and instead found that, "[t]he term 'prevailing party' . . . has been defined generally by the courts as a party who prevails on the central issue by acquiring primary relief sought."  This is a materially different legal test than the one utilized by Texas courts.  Texas defines a "prevailing party" to include either the

3

party that successfully prosecuted an action or the party that successfully defended against the action and does not limit "prevailing parties" to include only the party that acquired the primary relief it sought.

We therefore **VACATE** the district court's order and **REMAND** the attorneys' fees issue for reconsideration. On remand, the district court should determine which issue was the "main issue" at trial and then decide which party, if any, prevailed on that issue--either by successfully prosecuting or successfully defending that issue.

**VACATED** and **REMANDED**.